UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER COKER, Individually and on Behalf of All Others Similarly Situated,** | § § § § | |
| | § | **CIVIL ACTION NO. 3:15-cv-00136** |
| **Plaintiff,** | § § | |
| **V.** | § § | **JURY TRIAL DEMANDED** |
| | § | |
| **SELECT ENERGY SERVICES, LLC, and JOHN SCHMITZ,** | § § | |
| **Defendants.** | | |

### PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

1. Defendants Select Energy Services, LLC and John Schmitz ("Defendants") required Plaintiff Christopher Coker ("Plaintiff") to work more than forty (40) hours in a workweek as a flow tester. Plaintiff is an hourly paid employee who monitors oil and gas wells. Defendants misclassified Plaintiff as an independent contractor and as such paid him straight time for overtime hours worked.

2. Defendants' conduct violates the Fair Labor Standards Act, which requires non-exempt employees to be compensated for all hours in excess of forty (40) in a workweek at one and one-half times their regular rate. *See* 29 U.S.C. § 207(a).

3. Plaintiff brings a collective action to recover unpaid overtime compensation owed to him individually and on behalf of all current and former hourly-paid workers who performed work for Defendants associated with monitoring and maintaining oil and gas wells throughout the United States during the three-year period before the filing of this Complaint up to the date

1

the court authorizes notice. Members of the Collective Action are hereinafter referred to as "Class Members."

## SUBJECT MATTER JURISDICTION AND VENUE

4.     This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.     Venue is proper in the Southern District of Texas because Defendants' principal place of business is located in this district, and as such, it is subject to this Court's personal jurisdiction. 28 U.S.C. §§ 1391 (b)(1), 1391 (c)(2).

## PARTIES AND PERSONAL JURISDICTION

6.     Plaintiff Christopher Coker is an individual residing in Hood County, Texas. Plaintiff's written consent to this action is attached hereto as Exhibit "A."

7.     The "Class Members" are all current and former hourly-paid workers classified as independent contractors who performed work for Defendants associated with monitoring and maintaining oil and gas wells throughout the United States during the three-year period before the filing of this Complaint up to date the Court authorizes notice.

8.      Defendant Select Energy Services, LLC. is a domestic for-profit corporation that may be served with process through its registered agent Capitol Corporate Services, Inc. at 800 Brazos, Suite 400, Austin, TX 78701.

9.     Defendant John Schmitz is an individual and the Chief Executive Officer and Chairman of Defendant Select Energy Services, LLC.  Defendant may be served at 1400 Post Oak Blvd, Suite 400 Houston, Texas 77056, or wherever he may be found.

10.     This Court has personal jurisdiction over Defendants because they have purposefully availed themselves of the privilege of conducting business activities in the State of

Texas and established minimum contacts sufficient to confer jurisdiction. The assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice.

## FLSA COVERAGE

11. At all material times, Defendants have been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

12. At all material times, Defendants have been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

13. At all material times, Defendants have been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendants had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

14. Furthermore, Defendants have an annual gross business volume of not less than $500,000.

15. At all material times, Plaintiff and Class Members were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

## FACTS

16. Defendants provide oil and gas well monitoring services to energy companies nationwide.

17. Defendants employ their workforce to monitor and maintain oil and gas wells in multiple states including Texas, Oklahoma, Colorado, Pennsylvania and North Dakota.

18. Defendants have locations in more than one city in Texas.

19. Plaintiff and Class Members are employed by Defendants as flow testers. As such, their primary duties consist of monitoring oil and gas wells.

20. Plaintiff and Class Members worked on a regular basis for Defendants at various oil and gas well locations, monitoring such oil and gas wells.

21. Plaintiff Christopher Coker worked for Defendants' benefit monitoring oil and gas wells at multiple locations throughout Texas.

22. While working for Defendants at these various locations, Plaintiff interacted with and became familiar with the way Defendants treat its other employees with respect to overtime pay and that it misclassifies such workers as independent contractors. Therefore, Plaintiff has first-hand personal knowledge of the same pay violations throughout Defendants' operation at multiple geographical locations.

23. Defendants paid Plaintiff and Class Members on an hourly basis.

24. Defendants hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to Plaintiff and Class Members.

25. In addition, Defendants instructed Plaintiff and Class Members about when, where, and how they were to perform their work.

26. Moreover, the following conduct further demonstrates that Defendants acted as Plaintiff's employer:

   a. Defendants required Plaintiff to turn in the hours he worked once a week just like normal hourly-paid employees;

   b. Defendants paid Plaintiff and Class Members on a non-negotiable hourly rate it unilaterally set;

c. Defendants required Plaintiff and Class Members to report to their assigned well at a set time;

d. Plaintiff and Class Members had no control over which well they were assigned to work;

e. Defendants required Plaintiff and Class Members to request time off in advance and have that time off preapproved;

f. Defendants issued work orders to Plaintiff and Class Members;

g. Defendants provided safety training to Plaintiff and Class Members instructing them how to perform their work;

h. Plaintiff and Class Members faced termination if they failed to attend these regular meetings;

i. Defendants assigned Plaintiff and Class Members so many work hours per week (often more than 100) that, as a practical matter, they were prevented from working for any other company;

j. Defendants controlled the amount of hours Plaintiff and Class Members worked;

k. Defendants dictated the locations at which Plaintiff and Class Members worked;

l. Plaintiff's and Class Members' services were integrated into Defendants' operations;

m. Plaintiff and Class Members were required to perform their work in an order set by Defendants;

n. Plaintiff and Class Members worked for Defendants for long periods of time, often years, as is common with employees;

o. Defendants had rules that Plaintiff and Class Members were required to follow

5

       when performing their jobs;

  p.  Defendants required Plaintiff and Class Members to attend company meetings; and

  q.  Defendants maintained the right to discharge Plaintiff and Class Members at will.

27. Furthermore, the degree of investment Plaintiff and Class Members made to perform their work pales in comparison to the expenses Defendants incurred. Plaintiff and Class Members were required to supply simple hand tools, such as wrenches or a hammer. On the other hand, Defendants provided equipment worth hundreds of thousands of dollars including sand separators, water pumps, earth moving equipment, flowback tanks, manifolds, valves, gauges, pipe, test separators, generators, line stacks and flare stacks.

28. A substantial portion of Defendants' annual revenue is derived from work performed by Plaintiff and Class Members.

29. Despite these facts, Defendants improperly classified Plaintiff and Class Members as independent contractors and not employees.

30. However, at all times, the flow testers and other similarly situated workers were employees of Defendant, as that term is defined under the FLSA and interpretative case law.

31. Defendants tracked the time and days the flow testers worked just as is common for typical employer-employee relationships.

32. Although Plaintiff and Class Members have been required to work more than forty (40) hours per work-week, and did so frequently, they were not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek.

33. Instead, Plaintiff and Class Members were paid a flat hourly rate for all hours worked, regardless of how many hours they actually worked.

34. That is, Defendants paid Plaintiff and Class Members straight time for overtime.

35. No FLSA exemption applies to hourly-paid employees such as Plaintiff and Class Members.

36. Defendants' method of paying Plaintiff and Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA. Indeed, Defendants' conduct is all the more egregious because it intentionally set up a paper profile that belied the true interaction and conduct of the company and its workforce. For example, Defendants insisted that its workers submit so-called "invoices," not time sheets. Defendants even created the "invoice form" its workers were required to use, which was nothing more than a time sheet. Defendants required its workers complete other paper work which Defendants intended to, on the surface, give the impression that their workforce was composed of dozens of independent contractors. In reality, Defendants operated as an oil and gas monitoring company and sold its services through a workforce of dozens of employees.

37. That is, Defendants' misclassification was not by accident, but a well thought out scheme to reduce its labor costs. Accordingly, Defendants' violations of the FLSA are willful.

### **VIOLATION OF 29 U.S.C. § 207**

38. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

39. Defendants' practice of failing to pay Plaintiff and Class Members a time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

40. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendants or Plaintiff and Class Members.

## COLLECTIVE ACTION ALLEGATIONS

41. Plaintiff has actual knowledge that Class Members have also been denied overtime pay for hours worked over forty (40) hours per workweek as a result of Defendants' misclassification of its employees.

42. Plaintiff's knowledge is based on his personal work experience and through communications with other workers of Defendants while performing work throughout Texas.

43. Other hourly paid workers similarly situated to the Plaintiff work for Defendants throughout the United States, but are not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty (40) hours per workweek.

44. Although Defendants permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendants has denied them full compensation for their hours worked over forty (40).

45. Defendants have classified and continue to classify Class Members as independent contractors.

46. Class Members perform or have performed the same or similar work as Plaintiff and were misclassified as independent contractors by Defendants.

47. Class Members are not exempt from receiving overtime pay under the FLSA.

48. As such, Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, their misclassification as independent contractors and/or the denial of overtime pay.

49. Defendants' failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of Class Members.

50. The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of Class Members.

51. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

52. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

53. Although the exact amount of damages may vary among Class Members, the damages for Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused financial harm to all Class Members.

54. As such, the class of similarly situated Plaintiffs is properly defined as follows:

> All current and former hourly-paid workers classified as independent contractors who performed work for Defendants associated with monitoring and maintaining oil and gas wells throughout the United States during the three-year period before the filing of this Complaint up to the date the Court authorizes notice.

## DAMAGES SOUGHT

55. Plaintiff and Class Members are entitled to recover their unpaid overtime compensation.

56. Plaintiff and Class members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

57. Plaintiff and Class Members are entitled to recover their attorneys' fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## JURY DEMAND

58. Plaintiff and Class Members hereby demand trial by jury on all issues.

# **PRAYER**

59. For these reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding them the following:

   a. Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

   b. Liquidated damages in an amount equal to their unpaid overtime as allowed under the FLSA;

   c. Reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA; and

   d. Such other and further relief to which Plaintiff and Class Members may be entitled, at law or in equity.

        Respectfully submitted,

        KENNEDY HODGES, L.L.P.

    By:   /s/ Galvin B. Kennedy
        Galvin B. Kennedy
        Gkennedy@kennedyhodges.com
        Texas State Bar No. 00796870
        Federal Bar No. 20791
        711 W. Alabama St.
        Houston, TX 77006
        Telephone: (713) 523-0001
        Facsimile: (713) 523-1116

        LEAD ATTORNEY IN CHARGE FOR
        PLAINTIFF AND CLASS MEMBERS